### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **PAMELA K. SMITH, et al.**   ) | |
| )| |
| **Plaintiff(s),**   ) | |
| ) | |
| v.   ) | Case No. 09-CV-57-JHP-PJC |
| ) | |
| **GRAND RESOURCES, INC.**   ) | |
| ) | |
| **Defendant.**   ) | |

### OPINION AND ORDER

Now before the Court is Defendant's Motion for Summary Judgment (Dkt. #20). The Court, having reviewed the parties' briefing and considered the evidentiary material, arguments and authorities presented, denies the motion.

Defendant has moved for summary judgment on Plaintiff, Pamela Smith's claim of sex harassment on the grounds that the actions complained of are not severe or pervasive and, therefore, it is entitled to summary judgment. The evidence, viewed in a light most favorable to Mrs. Smith, is that she was repeatedly subjected vulgar and intensely demeaning gender-slurs over a 5-month period. The Court concludes that the incidences complained of are sufficient to survive summary judgment. *See O'Shea v. Yellow Technology Services, Inc.*, 185 F.3d 1093, 1098 (10th Cir. 1999); *Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1540 (10th Cir. 1995); *EEOC v. PVNF, L.L.C.*, 487 F.3d 790, 798 (10th Cir. 2007); *Winsor v. Hinckley Dodge, Inc.*, 79 F.3d 996, 1000 (10th Cir. 1996); *Tademy v. Union Pacific Corp.*, 520 F.3d 1149, 1162 (10th Cir. 2008).

Defendant additionally asserts it is entitled to summary judgment on Mrs. Smith's claim of sex harassment under a negligence theory on the grounds that it adequately

responded to the harassment once put on notice. Plaintiffs maintain that beginning in December, 2006, and at additional times thereafter Defendant received reports about the harassment but took no action to remedy it. The Court concludes that sufficient factual disputes exists to preclude summary judgment as to whether or not Defendant had actual knowledge of the harassment and whether it took prompt action to remedy or correct the harassment.

Defendant claims that summary judgment should be entered for Defendant on Plaintiffs' retaliation claims. Plaintiffs assert that after each complained about Mr. Beck's harassing conduct toward Mrs. Smith, Defendant terminated their employment. The parties dispute material facts related to the cessation of Plaintiffs' employment. Viewing the evidence in the light most favorable to Plaintiffs, the Court concludes that Plaintiffs have established a *prima facie* case of retaliation. The Court further concludes that material factual disputes exist to preclude summary judgment as to whether Defendant's asserted reasons regarding the termination of Plaintiffs' employment are pretextual.

Defendant's motion for summary judgement (Dkt. #20) is denied.

**Dated this 18th day of December, 2009.**

James H. Payne
United States District Judge
Northern District of Oklahoma